George H. Empsall
vs.                    } Eq.No.7627
The Realty Corporation
March 15, 1926.

BAKER, J. Heard on petition of Title Insurance and Mortgage Guaranty Company of Hampden County that the receiver of the respondent corporation be directed to assign certain policies of fire insurance to said petitioner and that certain rents now in the registry of this court be ordered paid to the petitioner.

It appears that the petitioner in this matter was the transferee of a certain second mortgage on property located in the city of Providence. This mortgage was foreclosed because the respondent corporation failed to pay the taxes levied by the city on the mortgaged property. The foreclosure sale took place January 21, 1926, and the equity of redemption was purchased by the petitioner, at a figure something less than the amount due on the said second mortgage, subject to a first mortgage. Prior to this sale a receiver had been appointed for the respondent corporation. The premises in question were occpied by a lessee who paid into the registry of the court the amount of the rental due in advance on the first day of January, 1926, being $583.33.

The petitioner claims to be equitably entitled to this fund.

After considering the matter carefully, the Court is unable to see how or by what principle of equity the petitioner is entitled to these rents. Apparently they were payable on the first of the month in advance. This was prior to the foreclosure and before the petitioner became the owner of the equity of redemption in the premises. Strictly speaking, the Court is unable to see how these rents are apportionable, and as between the petitioner and the respondent receiver, it would seem to the Court that the latter would be entitled to the rents. The receiver suggests, however, apparently by way of adjustment or compromise, that he is willing to an apportionment of the rents and to waive any claim to the rents that may be due for the occupation of the premises after the foreclosure sale, namely, January 21, 1926.

In view of this position taken by the receiver, the Court is, on the whole, willing that an order may be entered transferring from the fund now in the registry of the court to the petitioner such proportion of the rents, namely, the sum of $188.17; the balance, less such fees to which the clerk of the court may be entitled, to be transferred to the receiver of the respondent corporation.

In regard to the matter of the insurance policies, it appears that the first mortgagee holds policies of the face value of $60,000. The question before the Court relates only to the rights of the petitioner and the receiver of the respondent corporation. The first mortgagee is not before the Court and the Court is not attempting to determine the question as to whether she is obliged to surrender

any of the policies under all the circumstances of this case.

The facts show that the receiver of the respondent corporation now has no interest in the property in question. The petitioner is the owner of the equity of redemption. In the ordinary case where property is sold, the seller either transfers the fire insurance policies to the new purchaser for a consideration or cancels the policies and takes the amount of the return premium, the new owner or purchaser taking out his own insurance as desired.

In the present case the petitioner is urging that it is equitably entitled to the policies in question because the property did not bring the amount due on its mortgage, and because it was compelled to pay the city taxes. It also argues that, having paid said taxes, it becomes subrogated to the rights of the city and its claim against the mortgagor, the respondent corporation, therefore becomes a preferred claim. Whether or not this is so, it would appear to the Court that if any money is to be derived from the policies, such money should be turned over to the receiver, and if the claim of the petitioner by reason of the payment of taxes is a preferred claim, such claim can then be filed against the estate of the respondent corporation in the hands of the receiver. This appears to the Court to be the proper and orderly way of proceeding rather than the method now attempted by the petitioner. The matter of the application of funds in the hands of the receiver to the legitimate and proper expenses of the receivership has to be given due consideration. In this case presumably the respondent corporation or some previous owner of the equity of redemption paid the premiums on the policies in question. In any event nothing shows that the petitioner paid for these premiums. The Court knows of no principle of

law by which when property is transferred, either outright or at foreclosure sale, policies of insurance as a right pass to the purchaser or with the premises sold. As far as the rights of the petitioner and the receiver are concerned, the Court has been unable to understand what principle of equity entitles the petitioner to the assignment of the policies in question.

See Merrifield vs. Baker, 9 Allem (Mass.) 29.

The granting of the petition at this time and in the manner requested would, in the opinion of the Court, give the petitioner a preference over other possible creditors of the respondent corporation.

The prayer of the petition that the policies in question be assigned is denied.

For complainant: Hinckley, Allen, Tillinghast & Phillips.

For petitioner: Littlefield, Otis & Knowles.

For receiver: Thomas Curran.